UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MIDWEST REGIONAL BANK,**

    **Plaintiff,**

v.                                             **Case No.: 8:25-cv-00590-JSM-AAS**

**STT ACQUISITION, INC., ET AL.,**

    **Defendant.**

_____/

## ORDER

Plaintiff Midwest Regional Bank ("Midwest") requests the Clerk of the Court to enter a default against Defendants, American Express National Bank ("AMEX") and United States Department of Housing and Urban Development ("HUD") for failure to plead or otherwise defend. (Doc. 26). Midwest relies on the filed return of services, (Doc. 14, 15), for proof of proper service against both defendants. The motion is **DENIED** without prejudice.

**I. American Express National Bank**

Midwest's attempted service on AMEX, a domestic corporation, is insufficient. On April 21, 2025, Midwest filed a return of service for AMEX. (Doc. 14). The return of service on AMEX shows service was made upon Joseph McCabe, an intake specialist, at the address of 28 Liberty St 42nd Floor, New York, NY 1005.

1

Federal Rule of Civil Procedure 4(h) governs service of process on a domestic corporation. Rule 4(h) states a domestic corporation must be served:

> **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant

Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) states service may be made in accordance with the state law in which the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1).

In this case, the return of service for AMEX, a domestic incorporation, is insufficient to prove proper service. Proof of service upon the "intake specialist" does not present the court with sufficient evidence to conclude whether the intake specialist is an authorized agent under Rule 4(h)(B). Fed. R. Civ. P. 4(h)(B).

Because the service occurred in New York and this district court is in Florida the court will analyze whether the return of service is sufficient to prove service under Florida and New York state law. *See* Fed. R. Civ. P. 4(h)(A) (authorizing service on domestic corporation by Rule 4(e)(1), which permits service in accordance with the state law where the district court is located or where service is made).

The service is not proper under Florida law. Florida Statute Section

48.081 governs service upon a corporation. FLA. STAT. ANN. § 48.081. Generally, a plaintiff must serve a corporation through its registered agent. *Id.* If the corporation does not have a registered agent or service cannot be made on the registered agent, then a plaintiff may serve process on the alternative individuals listed in Section 48.081.[1] *Id.*

In the present case, service was made upon the "intake specialist." Midwest has provided no evidence to support that the intake specialist is a registered agent of AMEX, nor any other enumerated position as stated in Section 48.081. Therefore, Midwest has failed to meet its burden in proving effective service upon AMEX. *See Marfut v. Charlotte Cnty., Fla.*, No. 219CV172FTM29MRM, 2020 WL 13826404 at *4 (M.D. Fla. Dec. 4, 2020) (denying the motion for entry of clerk's default when plaintiff failed to meet the burden of proving properly effectuated service because plaintiff failed to provide enough factual information).

The service also is not proper under New York law. Under New York law, Section 311 governs service upon a corporation. N.Y. C.P.L.R. 311 (McKinney). A domestic corporation may be served by delivering the summons to an "officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." *Id.* A

---

[1] Generally, these listed individuals are high ranking (i.e. officers of the corporation). *See* Fla. Stat. Ann. § 48.081.

domestic corporation may also be served by serving process on the New York secretary of state. *See Id.* (authorizing service to be made upon the secretary of state pursuant to Section 306 of New York business corporation law).

The issue is whether an "intake specialist" qualifies as a "general agent" under the meaning of the statue. New York's highest state court has liberally construed the statute governing service on a corporation. *See Fashion Page, Ltd. v. Zurich Ins. Co.*, 50 N.Y.2d 265, 271 (1980) (stating "[Section 311] should be liberally construed"). However, a New York court has found an affidavit of service sworn upon an "intake specialist" alone did not give an indication whether the intake specialist was a "member, manager, or an agent authorized to accept service." *See Cowley Holdings Servs. Inc. v. Prodigy Network, LLC*, 73 Misc. 3d 1216(A), at *2 (N.Y. Sup. Ct. 2021).

Therefore, despite the direction of New York's highest court that the statute should be liberally construed, Midwest has not met its burden to establish the validity of the service. *See Id.* (denying the motion to enter default because the plaintiff failed to carry the burden of showing proper service by only submitting an affidavit of sworn service upon an "intake specialist"); *Marfut*, 2020 WL 13826404 at *4 (denying the motion for entry of clerk's default when plaintiff failed to meet the burden of proving properly effectuated service because plaintiff failed to provide enough factual information).

**II. United States Department of Housing and Urban Development**

Midwest's service on HUD, a federal agency, is insufficient. On April 21, 2025, Midwest filed a return of service for HUD. (Doc. 15). The return of service on HUD shows service was made upon "Liana Tarro as clerk for [HUD], Attn: Office of Regional Counsel, at the address of: 300 N Hogan ST #700, Jacksonville, FL 33202."

Federal Rule of Civil Procedure 4(i) governs service of process upon the United States and its agencies. To serve a United States agency "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency." Fed. R. Civ. P. 4(i)(2). To serve the United States a party must:

> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. (4)(i)(1).

In this case, the return of service for HUD is insufficient to prove proper service. The return of service for HUD shows service was made on the "clerk for the [HUD], Attn: Office of the Regional Counsel." (Doc. 15). Therefore,

5

Midwest does not meet the requirements set forth in Rule 4(i) because the return of service does not present evidence that service by registered or certified mail or that service was made on any of the offices listed in Rule 4(i). *See Farrell v. U.S. Dep't of Justice.,* 910 F. Supp. 615, 619 (M.D. Fla. 1995) (finding service was insufficient when plaintiff served the Attorney General with a process server, but not via registered or certified mail).

### III.  CONCLUSION

Midwest's motion for the Clerk of the Court to enter default judgment on AMEX and HUD (Doc. 26) is **DENIED** without prejudice:

**ORDERED** in Tampa, Florida on September 3, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge