UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MIDWEST REGIONAL BANK,**

      **Plaintiff,**

v.                             **Case No.: 8:25-cv-00590-VMC-AAS**

**STT ACQUISITION, INC., et al.,**

      **Defendants.**

_____/

## ORDER

Plaintiff Midwest Regional Bank (Midwest) moves for entry of a clerk's default against Defendants, JPMorgan Chase Bank (JPMorgan Bank), STT Acquisition, Inc. (STT), Cassandra L. Grawien, Jacob H. Samuels, Urban Juice Company, LLC (Urban Juice), Mark D. Samuels, and Meadow Pointe III Homeowner's Association, Inc. (Meadow Pointe).[1] (Doc. 68). The motion is **GRANTED in part and DENIED in part**.

On May 2, 2025, Attorney Michael Owens, the attorney for the defendants STT, Urban Juice, Jacob Samuels, Cassadra Grawien, and Mark Samules filed a Notice of Legislative Stay.[2] (Doc. 18). On April 27, 2026,

---

[1] The Plaintiff moved for entry of a clerk's default on May 26, 2026. The motion was served on represented parties via CM/ECF. No responses were filed and the deadline to respond has passed.

[2] The court notes Florida Statute Section 11.111, the Legislative Stay Statute, appears to only apply to state court proceedings. The statute states, "Any

Midwest filed an amended complaint. (Doc. 56). Subsequently, on May 18, 2026, the District Judge entered an Endorsed Order urging the plaintiff to promptly apply to the Clerk for an entry of default because defendants STT, Cassandra Grawien, Jacob Samuels, Urban Juice, and Meadow Pointe failed to respond to amended complaint. (Doc. 59).

Midwest properly served JPMorgan Bank, STT, Cassandra Grawien, Jacob Samuels, and Meadow Pointe. *See* (Docs. 11, 12, 13, 16, 63). Midwest's motion for entry of clerk's default is **GRANTED** as to these defendants. The Clerk is directed to enter default against JPMorgan Bank, STT, Cassandra Grawien, Jacob Samuels, and Meadow Pointe.

Midwest failed to provide sufficient evidence that it properly served Urban Juice and Mark Samuels. Midwest's motion explains it served Jacob Samuels who acts as registered agent for Urban Juice. (Doc. 68, ¶ 4). A review of the docket indicates Midwest served Jacob Samuels only in his individual capacity and failed to serve Urban Juice. (Doc. 16). In addition, Midwest's motion explains Attorney Ron Hayes agreed to accept service of process on behalf of Mark Samuels. (Doc. 68, ¶ 2). However, Midwest failed to provide evidence it served Mark Samuels through Attorney Hayes. Accordingly, Midwest's motion for entry of a clerk's default is **DENIED without prejudice**

---

proceeding before any court, municipality, or agency of government ***of this state shall stand continued*** . . ." (emphasis added).

as to Urban Juice and Mark Samuels.

**ORDERED** in Tampa, Florida on June 10, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge